**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ANTHONY L. GOULD, | Civil No. 10-1399 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| MICHELLE RICCI, et al., | |
| Respondents. | |

**APPEARANCES**:

    ANTHONY L. GOULD, #142220C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner Pro Se

    JAMES F. SMITH, Assistant Prosecutor
    ATLANTIC COUNTY PROSECUTOR
    P.O. Box 2002
    Mays Landing, New Jersey  08330
    Attorneys for Respondents

**HILLMAN**, District Judge

    Anthony L. Gould filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered in the Superior Court of New Jersey, Atlantic County, on February 27, 2003, after a jury found him guilty of the murder of Shanine Allen, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose.  Respondents filed an Answer arguing that the Petition should be dismissed as unexhausted or on the merits.  In response, Petitioner filed a motion to stay the Petition.  For the reasons expressed below, this Court will deny the motion to stay without prejudice.

## I.   BACKGROUND

On February 27, 2003, after a jury sitting in the Superior Court of New Jersey, Atlantic County, Law Division, found Petitioner guilty of murder, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose, Superior Court Judge James E. Isman sentenced Petitioner to a 65-year term of imprisonment, with 30 years of parole ineligibility.  Petitioner appealed, arguing:

> Ground One:  THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT COULD NOT ELICIT TESTIMONY CONCERNING PRIOR OCCASIONS OF VIOLENCE AND DISHARMONY BETWEEN DEFENDANT AND SHANINE IN SUPPORT OF THE DEFENSE OF PASSION/PROVOCATION MANSLAUGHTER.  THE COURT FURTHER ERRED IN REFUSING TO CHARGE THE JURY THAT A CONTINUING COURSE OF ILL TREATMENT CAN BE CONSIDERED IN SUPPORT OF PASSION/PROVOCATION MANSLAUGHTER.  THESE ERRORS DEPRIVED DEFENDANT OF HIS RIGHT TO A FAIR TRIAL.
>
> Ground Two:  THE PROSECUTOR SPECIFICALLY ELICITED, IN DIRECT CONTRAVENTION OF STATE V. ALVAREZ, 318 N.J. SUPER. 137 (APP. DIV. 1999), THAT BOTH AN ARREST WARRANT AND A SEARCH WARRANT WERE OBTAINED BY POLICE AGAINST DEFENDANT.
>
> Ground Three:  IT WAS ERROR FOR THE TRIAL COURT TO PERMIT THE PROSECUTOR TO IMPEACH CHARACTER WITNESS WITH EVIDENCE OF BAD ACTS NOT THE SUBJECT MATTER OF CONVICTIONS AND, AS SUCH, DEFENDANT'S RIGHT TO A FAIR TRIAL WAS VIOLATED.
>
> Ground Four:  THE SENTENCE OF THE COURT WAS MANIFESTLY EXCESSIVE.

(Dkt. 11-4 at 10-11.)

In an opinion filed April 11, 2005, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence.  See State v. Gould, Docket No. A-5678-02T4 (N.J.

Super. Ct., App. Div., Apr. 11, 2005) (Dkt. 11-4).  The New Jersey Supreme Court denied certification on July 18, 2005.  See State v. Gould, 185 N.J. 38 (2005) (table).

On August 26, 2005, Gould filed his first state petition for post-conviction relief.  (Dkt. 11-5.)  Judge Isman denied relief by order filed April 20, 2007, without conducting an evidentiary hearing.  (Dkt. 11-9 at 15 & 11-12.)  Gould appealed, raising the following arguments:

> Point I:  THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION.
>
> > A.  THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.
>
> B.  SINCE THE DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL RELATING TO TRIAL COUNSEL'S FAILURE TO HAVE HIM TESTIFY AT TRIAL, THE DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING TO FULLY ADDRESS THIS CONTENTION.

State v. Gould, 2009 WL 981981 (N.J. Super., App. Div., Apr. 14, 2009), certif. denied, 199 N.J. 543 (June 19, 2009) (table).

Gould executed the § 2254 Petition before this Court on March 9, 2010.  The Petition presents the following grounds:

> Ground One:  DEPRIVATION OF FAIR TRIAL AND DUE PROCESS BASED ON TRIAL COURT'S DEFICIENT JURY INSTRUCTIONS.
>
> Ground Two:  COUNSEL FAILED TO PROPERLY INVESTIGATE ON PETITIONER'S BEHALF BY NEGLECTING TO OBTAIN ANY EVIDENCE AND TESTIMONY FROM WITNESSES TO PROVE PETITIONER DID NOT COMMIT THE CRIME OF MURDER.

> Ground Three: COUNSEL FAILED TO PRESENT ANY EVIDENCE AT TRIAL CONCERNING THE PETITIONER'S ALCOHOL ABUSE ISSUES, ESPECIALLY ON THE NIGHT OF THE INCIDENT, AND TO PRESENT AN INTOXICATION DEFENSE, THEREBY DEPRIVING HIM OF DUE PROCESS OF LAW.
>
> Ground Four: TRIAL COUNSEL FAILED TO HAVE PETITIONER TESTIFY AT TRIAL.

(Dkt. 1 at 8, 10, 13, 14.)

On February 25, 2011, the state filed an answer and portions of the record. The state contends that Gould failed to exhaust Grounds Two and Three because he presented those grounds only to the Law Division in his brief supporting his petition for post conviction relief. (Dkt. 11 at 7-10.) The State argues that this Court should dismiss the Petition.

## II. MOTION FOR STAY

On May 7, 2011, Petitioner executed (and filed) a motion "for an Order Granting a Stay in Abeyance, to permit [him to] return to the State court to resolve unexhausted claims." (Dkt. 13 at 4.) Petitioner did not file a brief or certification in support of the motion or otherwise elaborate on his stay motion.

The District Court may not **grant** a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See Henderson v. Frank, 155 F.3d 159, 164 (3d

Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "The burden is on the habeas petitioner to prove exhaustion."  DeFoy v. McCullough, 393 F. 3d 439, 442 (3d Cir. 2005).  The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts."  Bronshtein v. Horn, 404 F. 3d 700, 725 (3d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  Rainey v. Varner, 603 F. 3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).  In summary, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief."  Id. (quoting Zicarelli v. Gray, 543 F. 2d 466, 472 (3d Cir. 1976)).

    If a state prisoner files a § 2254 petition which includes one or more grounds that have not been exhausted in the state courts (which appears to be so here), then a District Court may

5

under limited circumstances exercise its discretion to stay the § 2254 petition while the petitioner exhausts the unexhausted grounds in state court.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).  As the Supreme Court explained,

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines, 544 U.S. at 277.

The Rhines Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a . . . petition [containing unexhausted claims] if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 278.  See also Williams v. Walsh, 411 Fed. App'x 459, 461 (3d Cir. 2011) ("Where the timeliness of a habeas corpus petition is at issue, 28 U.S.C. § 2244(d)(1), a District Court has the discretion to stay a . . . habeas petition to allow complete exhaustion in state court"); Heleva v. Brooks, 581 F. 3d 187 (3d Cir. 2009) (holding that stay-and-abeyance

under Rhines also applies to a request to stay § 2254 petition which contains only unexhausted claims).

However, if a stay is not warranted, then the petitioner may elect to delete the unexhausted claims; if he does not delete the unexhausted claims, then the Court will either (a) dismiss the entire § 2254 petition as unexhausted, see Rose v. Lundy, 455 U.S. 509 (1982), or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). See Carrascosa v. McGuire, 520 F. 3d 249 255 (3d Cir. 2008).

In this case, while it appears that Gould did not present Grounds Two and Three to the Appellate Division and the New Jersey Supreme Court, Gould has not shown in his unsupported motion that a stay is warranted, i.e., he has not shown good cause for failing to exhaust these claims in his first state petition for post-conviction relief, the claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 278. This Court will deny the motion, without prejudice to filing a properly supported motion for stay within 30 days, showing why a stay is appropriate in this case.

7

## **IV. CONCLUSION**

Based on the foregoing, the Court denies the motion for stay without prejudice to the filing, within 30 days, of a properly supported motion for stay.

                                      /s/ Noel L. Hillman
                                    **NOEL L. HILLMAN, U.S.D.J.**

Dated: December 19, 2011

At Camden, New Jersey